IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

PASCAL GEDEON,
    Plaintiff

v.      CIVIL ACTION NO. 23-CV-1600

UNITED STATES *et al.*
    Defendants

## MEMORANDUM

PRATTER, J.      MAY 18th, 2023

Pascal Gedeon, a pretrial detainee housed at FDC Philadelphia, has filed this action seeking declaratory relief and money damages against the United States, Jacqueline C. Romero, the United States Attorney for the Eastern District of Pennsylvania, Verizon, Inc., Wordpress Inc., Tumblr Inc.,[1] Auto Mattic Inc., Two Unknown Federal Officers, and Assistant United States Attorneys Kelly M. Harrell and Eileen Castilla Geiger. For the following reasons, the claims against Ms. Romero, Ms. Harrell, and Ms. Geiger will be dismissed with prejudice and the balance of the case will be stayed.

## I. FACTUAL ALLEGATIONS[2]

Mr. Gedeon alleges that Defendant AUSAs Harrell and Geiger have been filing vexatious motions in his pending criminal case, *United States v. Gedeon*, No. 21-CR-210 (E.D. Pa.). Compl. at 5. Ms. Harrell and Ms. Geiger are allegedly aware that there is a defect in a criminal statute Mr. Gedeon is charged with violating, 18 U.S.C. § 2252 governing certain activities relating to material

---

[1] The name of Defendant Tumblr, Inc. is spelled differently on the docket than what is written in Mr. Gedeon's Complaint. The Clerk will be directed to change the spelling. The Court notes, additionally, that the names of other Defendants are not consistently spelled in the Complaint. The Court will use the spellings contained in the caption of the pleading.

[2] The facts set forth in this Memorandum are taken from Gedeon's Complaint (ECF No. 2). The Court adopts the pagination assigned to the Complaint by the CM/ECF docketing system.

involving the sexual exploitation of minors, that resulted in Mr. Gedeon's pretrial detention being prolonged. *Id.* He alleges that this has violated his due process rights, and he seeks to have Court file criminal charges against Ms. Harrell and Ms. Geiger as injunctive relief in this case. *Id.* at 5–6.

Mr. Gedeon also asserts that the two unnamed federal agent defendants omitted material facts in a warrant application to access the contents of a Tumblr account following a report to a "CyberTipline." *Id.* at 6. Defendant Tumblr, which was allegedly owned by Defendant Verizon Inc. before being sold to Defendant Wordpress, which is itself owned by Defendant Auto Mattic Inc. (collectively "Tumblr"), is allegedly required by 18 U.S.C. § 2258A(h)(1) to treat a "CyberTipline as a request to preserve the contents related to the report" for 90 days.[3] *Id.* The agents allegedly did not timely renew a request they had made of these Defendants during their investigation of Mr. Gedeon, but rather renewed the request 15 days after it had expired. *Id.* The agents allegedly "extended time on their own." *Id.* at 7. He asserts that Tumblr was required to destroy the information when the agents' request for it expired. *Id.* According to Mr. Gedeon, its failure to do so, and apparent provision of the material after the time had expired, constituted an improper disclosure in violation of 18 U.S.C. § 2707(g),[4] for which the United States is also liable

---

[3] (h) Preservation.--
    (1) In general.--For the purposes of this section, a completed submission by a provider of a report to the CyberTipline under subsection (a)(1) shall be treated as a request to preserve the contents provided in the report for 90 days after the submission to the CyberTipline.

18 U.S.C. § 2258A(h).

[4] (g) Improper disclosure.--Any willful disclosure of a "record", as that term is defined in section 552a(a) of title 5, United States Code, obtained by an investigative or law enforcement officer, or a governmental entity, pursuant to section 2703 of this title, or from a device installed pursuant to section 3123 or 3125 of this title, that is not a disclosure made in the proper performance of the official functions of the officer or governmental entity making the disclosure, is a violation of this chapter. This provision shall not apply to information previously lawfully disclosed (prior to the commencement of any civil or administrative proceeding under this chapter) to the public by a Federal, State, or local governmental entity or by the plaintiff in a civil action under this chapter.

2

under § 2712.[5] He also alleges that Tumblr never notified him of the request as required by 47 U.S.C. § 551(c)(2)(B),[6] and that he can bring a civil action for that failure under § 551(f)(1).[7] *Id.*

Verizon also allegedly without notice to Mr. Gedeon disclosed records related to its internet service that pertained to Mr. Gedeon's email address and phone number in response to a subpoena— apparently issued at the behest of the defendant unnamed agents, who encouraged a

---

18 U.S.C. § 2707.

[5]     (a) In general.--Any person who is aggrieved by any willful violation of this chapter or of chapter 119 of this title or of sections 106(a), 305(a), or 405(a) of the Foreign Intelligence Surveillance Act of 1978 (50 U.S.C. 1801 et seq.) may commence an action in United States District Court against the United States to recover money damages. In any such action, if a person who is aggrieved successfully establishes such a violation of this chapter or of chapter 119 of this title or of the above specific provisions of title 50, the Court may assess as damages--
        (1) actual damages, but not less than $10,000, whichever amount is greater; and
        (2) litigation costs, reasonably incurred.
18 U.S.C. § 2712.

[6]     (c) Disclosure of personally identifiable information
        (1) Except as provided in paragraph (2), a cable operator shall not disclose personally identifiable information concerning any subscriber without the prior written or electronic consent of the subscriber concerned and shall take such actions as are necessary to prevent unauthorized access to such information by a person other than the subscriber or cable operator.
        (2) A cable operator may disclose such information if the disclosure is--
        (A) necessary to render, or conduct a legitimate business activity related to, a cable service or other service provided by the cable operator to the subscriber;
        (B) subject to subsection (h), made pursuant to a court order authorizing such disclosure, if the subscriber is notified of such order by the person to whom the order is directed.
47 U.S.C. § 551(c).

[7]     (f) Civil action in United States district court; damages; attorney's fees and costs; nonexclusive nature of remedy
        (1) Any person aggrieved by any act of a cable operator in violation of this section may bring a civil action in a United States district court.
        (2) The court may award--
        (A) actual damages but not less than liquidated damages computed at the rate of $100 a day for each day of violation or $1,000, whichever is higher;
        (B) punitive damages; and
        (C) reasonable attorneys' fees and other litigation costs reasonably incurred.
        (3) The remedy provided by this section shall be in addition to any other lawful remedy available to a cable subscriber.
47 U.S.C. § 551(f).

3

violation of § 551 by requesting Verizon to conceal the disclosure of the records. *Id.* at 7–8. Verizon allegedly did not destroy the records when the agents' time expired and no proper request for them was pending. *Id.* at 8. He asserts he may bring a civil action under 18 U.S.C. § 2520(a)[8] against Verizon for a disclosure in violation of 18 U.S.C. § 2510 pursuant to § 2511(3)(a)[9] against a service provider. *Id.*

Mr. Gedeon also asserts that Tumblr was incited by the two agents to disclose information about the contents of an account called "younger-are-the-best" without the consent of the originator of that content. *Id.* He asserts the agents exceeded their authorized access and the contents of the account were improperly disclosed to AUSAs Harrell and Geiger in violation of 18 U.S.C. § 2707(g)[10] by the agents. (*Id.* at 9.) He also alleges that Ms. Harrell and Ms. Geiger exceeded their authorization and obtained the information from a protected computer in violation

---

[8] (a) In general.--Except as provided in section 2511(2)(a)(ii), any person whose wire, oral, or electronic communication is intercepted, disclosed, or intentionally used in violation of this chapter may in a civil action recover from the person or entity, other than the United States, which engaged in that violation such relief as may be appropriate.
18 U.S.C. § 2520(a).

[9] (3)(a) Except as provided in paragraph (b) of this subsection, a person or entity providing an electronic communication service to the public shall not intentionally divulge the contents of any communication (other than one to such person or entity, or an agent thereof) while in transmission on that service to any person or entity other than an addressee or intended recipient of such communication or an agent of such addressee or intended recipient.
18 U.S.C. § 2511(3)(a).

[10] (g) Improper disclosure.--Any willful disclosure of a "record", as that term is defined in section 552a(a) of title 5, United States Code, obtained by an investigative or law enforcement officer, or a governmental entity, pursuant to section 2703 of this title, or from a device installed pursuant to section 3123 or 3125 of this title, that is not a disclosure made in the proper performance of the official functions of the officer or governmental entity making the disclosure, is a violation of this chapter. This provision shall not apply to information previously lawfully disclosed (prior to the commencement of any civil or administrative proceeding under this chapter) to the public by a Federal, State, or local governmental entity or by the plaintiff in a civil action under this chapter.
18 U.S.C. § 2707(g).

of 18 U.S.C. § 1030(a)(2)(c),[11] for which they are subject to civil liability under § 1030(g).[12] *Id.* at 10.

## II. STANDARD OF REVIEW

The Court will grant Mr. Gedeon leave to proceed *in forma pauperis*.[13] Accordingly, 28 U.S.C. § 1915(e)(2)(B)(ii) requires the Court to dismiss the Complaint if it fails to state a claim. The Court must determine whether the Complaint contains "sufficient factual matter, accepted as

---

[11] (a) Whoever--
   (1) having knowingly accessed a computer without authorization or exceeding authorized access, and by means of such conduct having obtained information that has been determined by the United States Government pursuant to an Executive order or statute to require protection against unauthorized disclosure for reasons of national defense or foreign relations, or any restricted data, as defined in paragraph y. of section 11 of the Atomic Energy Act of 1954, with reason to believe that such information so obtained could be used to the injury of the United States, or to the advantage of any foreign nation willfully communicates, delivers, transmits, or causes to be communicated, delivered, or transmitted, or attempts to communicate, deliver, transmit or cause to be communicated, delivered, or transmitted the same to any person not entitled to receive it, or willfully retains the same and fails to deliver it to the officer or employee of the United States entitled to receive it;
   (2) intentionally accesses a computer without authorization or exceeds authorized access, and thereby obtains--
      (A) information contained in a financial record of a financial institution, or of a card issuer as defined in section 1602(n) of title 15, or contained in a file of a consumer reporting agency on a consumer, as such terms are defined in the Fair Credit Reporting Act (15 U.S.C. 1681 et seq.);
      (B) information from any department or agency of the United States; or
      (C) information from any protected computer;
. . .

(g) Any person who suffers damage or loss by reason of a violation of this section may maintain a civil action against the violator to obtain compensatory damages and injunctive relief or other equitable relief.
18 U.S.C. § 1030.

[12] Mr. Gedeon adds contentions at the end of his Complaint alluding to claims he previously asserted in another civil action about being locked outside in cold weather in a rec yard at FDC Philadelphia and being denied medical attention. Compl. at 10. As none of the named Defendants in this case are alleged to have any involvement in that incident and Mr. Gedeon has already raised these claims in another civil action, *see Gedeon v. The Attorney General*, Civ. A. No. 22-3595 (E.D. Pa.), the Court understands Mr. Gedeon to have included those contentions here as background information only.

[13] Because Mr. Gedeon is a prisoner, he must still pay the full amount of the filing fee in installments as required by the Prison Litigation Reform Act.

5

true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted). "'At this early stage of the litigation,' '[the Court will] accept the facts alleged in [the *pro se*] complaint as true,' 'draw[] all reasonable inferences in [the plaintiff's] favor,' and 'ask only whether [that] complaint, liberally construed, . . . contains facts sufficient to state a plausible [] claim.'" *Shorter v. United States*, 12 F.4th 366, 374 (3d Cir. 2021) (quoting *Perez v. Fenoglio*, 792 F.3d 768, 774, 782 (7th Cir. 2015)). Conclusory allegations do not suffice. *Iqbal*, 556 U.S. at 678. Because Mr. Gedeon is proceeding *pro se*, the Court construes the allegations of the Complaint liberally. *Vogt v. Wetzel*, 8 F.4th 182, 185 (3d Cir. 2021). However, "'pro se litigants still must allege sufficient facts in their complaints to support a claim.'" *Id.* (quoting *Mala*, 704 F. 3d at 245).

## III. DISCUSSION

Mr. Gedeon appears to assert civil rights claims against federal officials and assert statutory claims against private entities and the United States. The basis for asserting a constitutional claim against federal officials is *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388, 392 (1971) (holding that a remedy is available for a federal agent's violation of a citizen's Fourth Amendment right to be free from warrantless searches and seizures); *Corr. Servs. Corp. v. Malesko*, 534 U.S. 61, 70 (2001) (stating that the "purpose of *Bivens* is to deter individual federal officers from committing constitutional violations" by subjecting them to personal liability). However, the availability of *Bivens* as a cause of action is limited, and "the Supreme Court has plainly counseled against creating new *Bivens* causes of action." *Vanderklok v. United States*, 868 F.3d 189, 199 n.8 (3d Cir. 2017); *see also Hernandez v. Mesa*, 140 S. Ct. 735, 742–43 (2020) (stating that the "expansion of *Bivens* is a disfavored judicial activity," that "it is doubtful" that the outcome of *Bivens* would be the same if it were decided today, and that "for almost 40

6

years, [the Supreme Court] ha[s] consistently rebuffed requests to add to the claims allowed under *Bivens*." (internal quotations marks and citations omitted)). Since it appears that Mr. Gedeon may be attempting to raise Fourth Amendment claims, the Court will assume for purposes of statutory screening under 28 U.S.C. § 1915(e)(2)(B) that his claim can proceed. *See Bivens*, 403 U.S. at 392 (recognizing a claim against FBI agents for handcuffing a man in his own home without a warrant under the Fourth Amendment).

## A. Claims Against United States Attorneys

Mr. Gedeon seeks to assert claims against AUSAs Harrell and Geiger, alleging that they have been filing vexatious motions in his pending criminal case, and improperly received information from the agents. He asks that they be charged with crimes. He has also named as a defendant Jacqueline C. Romero, the United States Attorney for the Eastern District of Pennsylvania, although he asserts no facts about her personal involvement in the incidents he describes. These claims are dismissed with prejudice.

Prosecutors are entitled to absolute immunity from liability for acts that are "intimately associated with the judicial phase of the criminal process" such as "initiating a prosecution and . . . presenting the State's case." *Imbler v. Pachtman*, 424 U.S. 409, 430–31 (1976). Absolute immunity extends to the decision to initiate a prosecution, *Imbler*, 424 U.S. at 431, including "soliciting false testimony from witnesses in grand jury proceedings and probable cause hearings," *Kulwicki v. Dawson*, 969 F.2d 1454, 1465 (3d Cir. 1992), presenting a state's case at trial, *Imbler*, 424 U.S. at 431, and appearing before a judge to present evidence. *Fogle v. Sokol*, 957 F.3d 148, 160 (3d Cir. 2020). Moreover, District Attorneys and other supervisory prosecutors like defendant Ms. Romero are likewise entitled to absolute immunity from claims based on their role in pursuing

7

a prosecution.[14] *See Van de Kamp v. Goldstein*, 555 U.S. 335, 348–49 (2009). Although the rule in *Imbler* originated in a suit against a state prosecutor filed pursuant to 42 U.S.C. § 1983, the United States Court of Appeals for the Third Circuit has held that public policy mandates that a similar immunity be extended to federal prosecutors. *Brawer v. Horowitz*, 535 F.2d 830, 834 (3d Cir. 1976).

Mr. Gedeon alleges that Ms. Harrell and Ms. Geiger are aware of a defect in a criminal statute he is charged with violating but have caused him to continue to be detained pending trial in violation of his due process rights. Also, Ms. Harrell and Ms. Geiger allegedly exceeded their authorization and obtained information from a protected computer. Since these allegations are focused on the alleged actions of Ms. Harrell and Ms. Geiger in the prosecutorial role of presenting the Government's case against Mr. Gedeon, they are absolutely immune from his claim. Moreover, "[a] private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another." *See Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973) (finding that a citizen lacks standing to contest prosecutorial policies "when he himself is neither prosecuted nor threatened with prosecution") (citations omitted); *Lewis v. Jindal*, 368 F. App'x 613, 614 (5th Cir. 2010) ("It is well-settled that the decision whether to file criminal charges against an individual lies within the prosecutor's discretion, and private citizens do not have a constitutional right to compel criminal prosecution.") (citations omitted); *Smith v. Friel*, No. 19-943, 2019 WL 3025239, at *4 (M.D. Pa. June 4, 2019), *report and recommendation adopted*, 2019 WL 3003380 (M.D. Pa.

---

[14] The claim against Ms. Romero is also subject to dismissal because Mr. Gedeon fails to allege she had any personal involvement in the incidents he describes. *See Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1988) ("A defendant in a civil rights action must have personal involvement in the alleged wrongs" to be liable.); *Dooley v. Wetzel*, 957 F.3d 366, 374 (3d Cir. 2020) ("Personal involvement requires particular 'allegations of personal direction or of actual knowledge and acquiescence.'" (quoting *Rode*, 845 F.2d at 1207)). *See Iqbal*, 556 U.S. at 676 (explaining that "[b]ecause vicarious liability is inapplicable to . . . § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution").

July 10, 2019) (collecting cases and stating "courts have long held that a civil rights plaintiff may not seek relief in civil litigation in the form of an order directing the criminal prosecution of some third parties"). For these reasons, Mr. Gedeon's claims seeking that AUSAs Harrell and Geiger be charged with crimes is not plausible and dismissed with prejudice.

### B. Claims Against the Remaining Defendants

Mr. Gedeon alleges that two unnamed federal law enforcement officials omitted material facts in a warrant application to access the contents of a Tumblr account. Compl. at 6. The agents allegedly did not timely renew a request they had made of defendant Tumblr to preserve a CyberTipline during their investigation of Mr. Gedeon, but rather renewed the request 15 days after it had expired. *Id.* He contends that the agents extended the time without authority. *Id.* at 7. He asserts that Tumblr and Verizon were required to destroy the information when the agents' request for it expired. *Id.* According to Mr. Gedeon, their failure to do so, and apparent provision of the material to the agents after the time had expired, constituted an improper disclosure in violation of § 2707(g), for which the United States is also liable under § 2712. He also alleges that Verizon improperly released information to the agents about his email account and phone number. Because the underlying issue of whether the agents violated disclosure statutes or Mr. Gedeon's Fourth Amendment rights and whether the telecommunications providers improperly released information to the agents is currently being litigated in Mr. Gedeon's criminal case, the Court must abstain from currently considering the claims raised in this case against the agents as well as the statutory claims asserted against the United States, Tumblr, and Verizon.

"A United States district court has broad power to stay proceedings," and "[i]n the exercise of its sound discretion, a court may hold one lawsuit in abeyance to abide the outcome of another which may substantially affect it or be dispositive of the issues." *Bechtel Corp. v. Local 215,*

*Laborers' Int'l Union of N.A., AFL-CIO*, 544 F.2d 1207, 1215 (3d Cir. 1976). "In determining whether to stay an action under its inherent authority, a court must weigh the competing interests of and possible harms to the parties." *Stokes v. Real Page, Inc.*, No. 15-1520, 2016 WL 9711699 at *1 n.1 (E.D. Pa. Jan. 25, 2016) (quotation marks omitted). In making this determination, the Court weighs whether a stay would create prejudice, whether a party would suffer a hardship or inequity, and whether granting the stay would further the interest of judicial economy. *Id.* Courts also consider whether "discovery is complete and/or a trial date has been set." *Akishev v. Kapustin*, 23 F. Supp. 3d 440, 446 (D.N.J. 2014).

The need for a stay of Mr. Gedeon's civil claims is clear. Mr. Gedeon's criminal proceeding is still pending and provides Mr. Gedeon an adequate opportunity to argue that the pending charges should be dismissed due to the defendant agents' allegedly improper actions. Whether their actions were improper will also impact whether Tumblr and Verizon acted improperly in cooperating with them. In fact, Mr. Gedeon has raised the same arguments in a counseled motion to suppress evidence obtained by the agents from Tumblr that remains pending. *See United States v. Gedeon*, No. 21-CR-210, Doc. No. 49 (counseled motion to suppress evidence obtained by FBI from Tumblr because warrant was issued based omitted relevant information). Thus, staying the civil case would further the interests of judicial economy and avoid the possibility of inconsistent adjudication. The Court also perceives no prejudice, hardship, or inequity to delaying Mr. Gedeon's civil claims until the issues in his criminal case are resolved since the civil case is still subject to statutory screening under 28 U.S.C. § 1915(e)(2)(B), and the resolution of the criminal case may preclude Mr. Gedeon's civil claims.

## IV. CONCLUSION

For the foregoing reasons, the Court will dismiss Mr. Gedeon's claims against Ms. Romero, Ms. Harrell, and Ms. Geiger with prejudice. The balance of Mr. Gedeon's claims will be stayed pending the final outcome of his criminal charges in *United States v. Gedeon*, No. 21-CR-210 (E.D. Pa.). An appropriate Order follows.[15]

BY THE COURT:

_____
GENE E.K. PRATTER, J.

---

[15] Given this resolution, the Court will deny the pending Motion (Doc. No. 3) to appoint standby counsel as premature. *See Tabron v. Grace*, 6 F.3d 147, 155 (3d Cir. 1993) (in determining whether appointment of counsel is appropriate, the Court should first determine whether plaintiff's lawsuit has a legal basis).